cc: Fiscal Section

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOWN TOWN HOOKAH CONNECTION, INC., SMOKE TOKES, LLC, FAISAL IQBAL, SANA FAISAL, S&S MEMON, INC., RJA WHOLESALER, INC., and DOES 1 through 10, individuals. <br><br> Defendants. | CASE NO. 2:12-cv-07032-GW-PJW <br><br> **PERMANENT INJUNCTION AND FINAL JUDGMENT** <br><br> **AS AGAINST DEFENDANT FAISAL IQBAL** <br><br> F.R.C.P. 55(b)(2) |

Whereas on June 17, 2013 at 8:30 a.m. a hearing was held. At that hearing Solo Industries, Inc. (SOLO) presented competent evidence to support its claims for injunctive relief and, good cause having been shown, the Court hereby GRANTS SOLO's Application for Entry of a Default Judgment as against FAISAL IQBAL and ORDERS the following:

1. SOLO owns the federal trademark registrations for its SOLOPIPE® trademark, U.S. Trademark Registration No 3,375,493 ("Solopipe Trademark");

2. SOLO owns United States Design Patent No. D577,150 ("Solopipe Design Patent");

3. SOLO owns United States Copyright Registration TX 7688283 ("Solopipe Copyright") with an effective registration date of June 19, 2012;

4. FAISAL IQBAL's counterfeit version of the SOLO's Solopipe ("Counterfeit SoloPipe") infringes the Solopipe Trademark, Solopipe Copyright, and Solopipe Design Patent;

5. FAISAL IQBAL, and all other persons in active concert or privity or in participation with FAISAL IQBAL, jointly and severally, shall be permanently restrained and enjoined from:

   a. Manufacturing, producing, distributing, importing, marketing, selling, offering for sale, or displaying any products or other items bearing any copy or colorable imitation of any of Solopipe's Trademark;

   b. Engaging in any other activity constituting unfair competition with Solo, or constituting an infringement of the Solopipe's Trademark, Solopipe's Copyright, or Solopipe's Design Patent, or constituting any damage to Solo's name, trademarks, reputation, or goodwill;

c. Making, using, offering for sale, selling and/or importing infringing Counterfeit SoloPipes, and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of, the '150 Patent;

d. Continuing to market, offer, sell, transfer, advertise, promote, develop or manufacture any SOLO's, including the Counterfeit SoloPipe, that infringe Solo's intellectual property rights, or to participate or assist in any such activity;

e. Moving, discarding, destroying, selling, transferring, or otherwise disposing of any Counterfeit Pipes or any other products or materials bearing the Solo Trademarks, or any other products or materials that infringe or contribute to the infringement of Solo's intellectual property rights, including its design patent, copyright, and trademark; and

f. Moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the counterfeit pipes or any other products or materials bearing the Solo Trademarks, or any other products that infringe or contribute to the infringement of SOLO's intellectual property rights, including its design patent, copyrights, and trademark rights;

6. FAISAL IQBAL shall be liable to for statutory damages in the amount of: $100,000 for counterfeiting;

7. Violation of this permanent injunction shall subject FAISAL IQBAL to officers, directors, principals, agents, servants, employees, successors and assigns, to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys' fees and costs in enforcing this injunction.

8. Plaintiff shall be the prevailing party and be allowed Costs according to proof pursuant to post-judgment proceedings;

9. FAISAL IQBAL shall be liable for Plaintiff's statutory attorney's fees in the amount of $5,600.

10. FAISAL IQBAL shall be liable for Plaintiff's statutory costs in the amount of $408.00.

11. This Court shall retain jurisdiction of this matter in connection with any possible violations of this Permanent Injunction and Final Judgment.

IT IS SO ORDERED

DATED: June 26, 2013

THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE